

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 25, 2006

The Honorable Leticia Van de Putte, R. Ph.  
Chair, Committee on Veteran Affairs  
   and Military Installations  
Texas State Senate  
Post Office Box 12068  
Austin, Texas 78711-2068

Opinion No. GA-0464

Re: Whether Transportation Code section 521.126 prohibits a retailer, acting in compliance with Health and Safety Code section 486.014, from electronically recording and storing personal data from the driver's license of a person who purchases certain nonprescription drugs that could be used in the manufacture of methamphetamine (RQ-0435-GA)

Dear Senator Van de Putte:

You ask whether section 521.126 of the Transportation Code prohibits a retailer, acting in compliance with Health and Safety Code section 486.014, from electronically recording and storing personal data from the driver's license of a person who purchases certain nonprescription drugs that could be used in the manufacture of methamphetamine.[1]

Under section 521.126 a person commits a Class A misdemeanor if the person:

> (1) accesses or uses electronically readable information derived from a driver's license, commercial driver's license, or personal identification certificate; or

> (2) compiles or maintains a database of electronically readable information derived from driver's licenses, commercial driver's licenses, or personal identification certificates.

TEX. TRANSP. CODE ANN. § 521.126(b)–(c) (Vernon Supp. 2006). But, pertinent here, subsection (d) excepts from the general prohibition

> a person who accesses, uses, compiles, or maintains a database of the information for a law enforcement or governmental purpose, including:

---

[1]Letter from Honorable Leticia Van de Putte, R. Ph., Chair, Committee on Veteran Affairs and Military Installations, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Jan. 17, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> (1)     an officer or employee of the [Department of Public Safety] carrying out law enforcement or government purposes;
>
> (2)     a peace officer, as defined by Article 2.12, Code of Criminal Procedure, acting in the officer's official capacity;
>
> (3)     a license deputy, as defined by Section 12.702, Parks and Wildlife Code, issuing a license, stamp, tag, permit, or other similar item through use of a point-of-sale system under Section 12.703, Parks and Wildlife Code;
>
> (4)     a person acting as authorized by Section 109.61, Alcoholic Beverage Code[;]
>
> (5)     a person establishing the identity of a voter under Chapter 63, Election Code[; or]
>
> ([6])[2] a person acting as authorized by Section 161.0825, Health and Safety Code.

*Id.* § 521.126(d).

As background to your question, you explain that chapter 486 of the Health and Safety Code was added by the Seventy-ninth Legislature as a part of House Bill 164 to "give state authorities the ability to track retail purchases of products which could be used in the manufacture of methamphetamine." Request Letter, *supra* note 1.[3] Section 486.014 of the Health and Safety Code is integral to your question, and provides in relevant part:

> Before completing an over-the-counter sale of a product containing ephedrine, pseudoephedrine, or norpseudoephedrine, a business establishment that engages in those sales shall:
>
> (1)   require the person making the purchase to:
>
> (A)   display a driver's license or other form of identification containing the person's photograph and indicating that the person is 16 years of age or older; . . . .

---

[2]The legislature adopted two subsections (d)(5) in 2005. The later enacted, enumerated subsection (5) here, was adopted as part of House Bill 178. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 1189, § 2, 2005 Tex. Gen. Laws 3903, 3903. The earlier enacted subsection, enumerated here as ([6]), was adopted as part of Senate Bill 1465. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 391, § 2, 2005 Tex. Gen. Laws 1081, 1082.

[3]*See also* Act of May 27, 2005, 79th Leg., R.S., ch. 282, § 9, 2005 Tex. Gen. Laws 841, 856-60 (codified at TEX. HEALTH & SAFETY CODE ANN. ch. 486).

>        (2)  make a record of the sale, including the name of the
> person making the purchase, the date of the purchase, and the item
> and number of grams purchased[.]

TEX. HEALTH & SAFETY CODE ANN. § 486.014(1)(A), (2) (Vernon Supp. 2006). The business establishment must "maintain each record made under Section 486.014(2) until at least the second anniversary of the date the record is made and shall make each record available on request by the department [of State Health Services] or the Department of Public Safety." *Id.* § 486.015. The intent of the bill's authors, you inform us, was to encourage retailers that have electronic purchase systems to use those systems "to record such purchases and produce copies for law enforcement" by electronically reading a person's driver's license to record the information encoded in its magnetic stripe. *See* Request Letter, *supra* note 1. But the concern is whether the statutes sufficiently manifest this intent because section 521.126(d) does not expressly enumerate complying with chapter 486 as one of section 521.126's specific exceptions. *See* TEX. TRANSP. CODE ANN. § 521.126(d) (Vernon Supp. 2006). Thus, your question. *See* Request Letter, *supra* note 1.

In its prior incarnations, the language excepting certain actions from section 521.126's general prohibition was narrower, and this office construed it as such.[4] Section 521.126 was, however, substantively amended by three bills during the Seventy-ninth Legislature's regular session.[5] Relevant to your question, one of the three bills, House Bill 178, amended section 521.126 by adding this italicized language: "The prohibition provided by subsection (b) does not apply *to a person who accesses, uses, compiles, or maintains a database of the information for a law enforcement or governmental purpose, including*: [an added exception outlined above]." Act of May 27, 2005, 79th Leg., R.S., ch. 1189, § 2, 2005 Tex. Gen. Laws 3903, 3903 (emphasis added). The term "include" in a statute is a "term[] of enlargement and not of limitation or exclusive enumeration, and use of the term[] does not create a presumption that components not expressed are excluded." TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 2005). But to be included with a statute's illustrative list, an unenumerated activity must be like the items enumerated. *See* Tex. Att'y Gen. Op. No. JC-0410 (2001) at 3; *see also Jackson Law Office v. Chappell*, 37 S.W.3d 15, 26 (Tex. App.—Tyler 2000, pet. denied) (stating that the term "include" marks an illustrative list); *cf. County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978) (construing the phrase "such as" in a statute listing "special defects such as . . ." in light of the ejusdem generis doctrine to "include those defects

---

[4]See Act of May 30, 1999, 76th Leg., R.S., ch. 1340, § 1, 1999 Tex. Gen. Laws 4554, 4554 (requiring as the only exception to its general prohibition that the Department of Public Safety "take necessary steps to ensure that the information [encoded in the magnetic stripe of a driver's license] is used only for law enforcement or governmental purposes") (original version); Tex. Att'y Gen. Op. No. JC-0337 (2001) (determining that the Department of Public Safety properly interpreted the original version of section 521.126 to except from its general prohibition only law enforcement and other governmental agencies acting in their official capacities; the original version's language did not except private parties acting to detect violations of the law related to their businesses); Tex. Att'y Gen. Op. No. JC-0540 (2002) (determining that the original version's excepting language did not permit a financial institution to access information encoded on the magnetic stripe of a driver's license).

[5]*See* Act of May 17, 2005, 79th Leg., R.S., ch. 250, § 1, 2005 Tex. Gen. Laws 449, 449–50; Act of May 23, 2005, 79th Leg., R.S., ch. 391, § 2, 2005 Tex. Gen. Laws 1081, 1082; Act of May 27, 2005, 79th Leg., R.S., ch. 1189, § 2, 2005 Tex. Gen. Laws 3903, 3903.

of the same kind or class as the ones expressly mentioned"). Thus, given section 521.126's broader excepting language, to answer your question we need to determine whether complying with Health and Safety Code section 486.014 has a law enforcement or governmental purpose analogous to any of section 521.126's enumerated exceptions.

In this respect, we consider sections 521.126(d)(4) and 521.126(d)([6]) to be particularly applicable. For example, subsection (d)([6]) excepts from the general prohibition "a person acting as authorized by Section 161.0825, Health and Safety Code." TEX. TRANSP. CODE ANN. § 521.126(d)([6]) (Vernon Supp. 2006). Health and Safety Code section 161.0825 authorizes a person to "access electronically readable information on a driver's license, commercial driver's license, or identification certificate for the purpose of complying with Section 161.082." TEX. HEALTH & SAFETY CODE ANN. § 161.0825 (Vernon Supp. 2006). Under Health and Safety Code section 161.082, a person commits a Class C misdemeanor if the person "sells, gives, or causes to be sold or given a cigarette or tobacco product to someone who is younger than 18 years of age." Id. § 161.082(a)(1) (Vernon 2001). But "[i]t is a defense to prosecution under Subsection (a)(1) that the person to whom the cigarette or tobacco product was sold or given presented to the defendant apparently valid proof of identification," which includes a Texas driver's license or Texas identification card. Id. § 161.082(d)–(e). In short, sections 161.082 and 161.0825 work in conjunction to require a commercial business to help enforce Texas laws related to purchasing a regulated product like tobacco by requiring the business to verify the purchaser's age and authorizing the business to do so by means of swiping the purchaser's driver's license.[6] Because a commercial business required to help enforce Texas laws related to purchasing a regulated product is excepted from section 521.126's general prohibition, a business operating in this way must necessarily accomplish a law enforcement or governmental purpose.

Section 486.014 of the Health and Safety Code is like section 161.082 in that section 486.014 also requires a commercial business to help enforce Texas laws related to purchasing a regulated product—here, certain over-the-counter drugs that could be used in manufacturing methamphetamine. See id. § 486.014(1)–(2) (Vernon Supp. 2006) (requiring the business to verify that the purchaser is sixteen years of age or older and requiring the business to make a record of the purchase under the purchaser's name); id. § 486.015 (requiring the business to have that information available upon request for the Department of State Health Services or the Department of Public Safety). And of particular significance, retailers are not collecting the data for their own use; that, of course, would constitute a violation of the law. Instead, the sole purpose for collecting the information is to make it available to the Department of State Health Services or the Department of Public Safety. As such, section 486.014 describes a law enforcement or governmental purpose

---

[6]Like section 521.126(d)([6]), subsection (d)(4) excepts a "person acting as authorized by Section 109.61, Alcoholic Beverage Code." TEX. TRANSP. CODE ANN. § 521.126(d)(4) (Vernon Supp. 2006). And Alcoholic Beverage Code section 109.61 operates like Health and Safety Code section 161.0825 by permitting a person to "access electronically readable information on a driver's license, commercial driver's license, or identification certificate for the purpose of complying with the [Alcoholic Beverage Code] or a rule of the [Alcoholic Beverage Commission], *including for the purpose of preventing the person from committing an offense under this code.*" TEX. ALCO. BEV. CODE ANN. § 109.61 (Vernon Supp. 2006) (emphasis added).

exception to Transportation Code section 521.126's general prohibition. In answer to your specific question, then, section 521.126 of the Transportation Code does not prohibit a retailer, acting in compliance with section 486.014 of the Health and Safety Code, from electronically recording and storing personal data from the driver's license of a person who purchases certain nonprescription drugs that could be used in the manufacture of methamphetamine.

### S U M M A R Y

Section 521.126 of the Transportation Code does not prohibit a retailer, acting in compliance with section 486.014 of the Health and Safety Code, from electronically recording and storing personal data from the driver's license of a person who purchases certain nonprescription drugs that could be used in the manufacture of methamphetamine.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee